IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BETHANY POWERS SLOAN, | ) | |
| et al. | ) | |
| | ) | |
| v. | ) | NO. 3-15-0551 |
| | ) | JUDGE CAMPBELL |
| COMMUNITY CHRISTIAN DAY | ) | |
| SCHOOL, LLC | ) | |

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 8). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

This lawsuit is brought pursuant to the Americans with Disabilities Act ("ADA") against Community Christian Day School, for alleged discrimination against Plaintiff Bethany Powers Sloan in violation of Title III of the ADA; alleged retaliation against Plaintiff Richard Powers in violation of Title V of the ADA; and associational discrimination against Plaintiff Gabriel Sloan in violation of Title III of the ADA.

Plaintiffs' Complaint alleges that Defendant discriminates against adults and children with disabilities by refusing to make available handicapped parking outside its facilities. Defendant has moved to dismiss Plaintiffs' Complaint for lack of jurisdiction, arguing that, as a "religious organization," it is expressly exempt from Title III of the ADA.

MOTIONS TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

Defendant brings its Motion pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. A motion to dismiss for lack of subject-matter jurisdiction may either attack the claim

of jurisdiction on its face or it can attack the factual basis of jurisdiction. *Crugher v. Prelesnik*, 761 F.3d 610, 613 (6th Cir. 2014); *Omar v. United States*, 552 F.Supp.2d 713, 716 (M.D. Tenn. 2008). When a defendant challenges subject-matter jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over his claim. *Id.*

If a Rule 12(b)(1) motion contests subject-matter jurisdiction factually, the court must weigh the evidence in order to determine whether it has the power to hear the case. *Cline v. United States*, 13 F.Supp.3d 868, 871 (M.D. Tenn. 2014). The court has broad discretion to consider affidavits, documents outside the complaint, and to even conduct a limited evidentiary hearing if necessary. *Id.* The court can do so without converting the Rule 12(b)(1) motion into a motion for summary judgment. *Id.*

Plaintiffs argue that Defendant's Motion should be treated as a motion for summary judgment under Fed. R. Civ. P. 12(b)(6) because the religious organization exemption under Title III of the ADA is an affirmative defense, not jurisdictional. The only authority Plaintiffs cite for this argument, however, *Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC*, 132 S.Ct. 694 (2012), is not an ADA Title III case; it is an ADA employment discrimination case. Moreover, that case involves a First Amendment-based "ministerial exception" to Title VII, not the statutory religious exemption to Title III of the ADA.

## RELIGIOUS ORGANIZATION EXEMPTION

Title III of the ADA protects individuals with disabilities from discrimination in public accommodations. 42 U.S.C. § 12181, *et seq.*; *Marshall v. Sisters of the Holy Family of Nazareth*, 399 F.Supp.2d 597, 605 (E.D. Pa. 2005). Title III of the ADA expressly provides that it shall not apply to religious organizations or entities controlled by religious organizations, including places

of worship. 42 U.S.C. § 12187.[1] This exemption is "very broad," encompassing a wide variety of situations. Even when a religious organization carries out activities that would otherwise make it a public accommodation, the religious organization is exempt from ADA coverage. *White v. Denver Seminary*, 157 F.Supp.2d 1171, 1173 (D. Colo. 2001) (citing 28 C.F.R. Pt. 36, App. B).

Thus, if a church itself operates a day care center, a nursing home, a private school, or a diocesan school system, the operations of the center, home, school or schools would not be subject to the requirements of the ADA. The religious entity would not lose its exemption merely because the services provided were open to the general public. The test is whether the church or other religious organization operates the public accommodation, not which individuals receive the public accommodation's services. *Id.*

Plaintiffs cite as "illuminating" the case of *Hall v. Baptist Memorial Health Care Corp.*, 215 F.3d 618 (6th Cir. 2000). That case was an employment discrimination case under Title VII, not a Title III claim under the ADA. It involved the section of Title VII which exempts religious organizations from the prohibition against discrimination based on religion, based upon the First Amendment.[2] *Id.* at 623-24. That exemption is simply not the same thing as the Title III ADA exemption concerning public accommodations and services.

Plaintiffs have the burden of establishing that the Court has subject-matter jurisdiction of this action by showing that the religious organizations exemption does not apply to Defendant.

---

[1] Congress "expressly exempted" religious organizations or entities from Title III's coverage. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 689, n. 51 (2001).

[2] Congress recognized the constitutionally-protected interest of religious organizations in making religiously-motivated employment decisions. 42 U.S.C. § 2000e-1(a) and 42 U.S.C. § 2000e-2(e)(2).

In support of their argument, Plaintiffs cite to the Operating Agreement of the Limited Liability Company ("LLC") Community Christian Day School and note that it speaks of profits and losses, distributions, capital, indemnity and expenses but does not speak of God or faith or the Bible. Plaintiffs also note that the Operating Agreement of the LLC provides that the purpose of the LLC is "to engage in any lawful act or activity for which a Limited Liability Company may be formed within the State of Tennessee." *See* Docket No. 17-3.

Plaintiffs point out that Defendant does not claim tax-exempt status under § 501(c) of the Internal Revenue Code or property tax exemption status for religious purposes. Plaintiffs also note that Defendant is licensed by the State of Tennessee Department of Education; offers open enrollment to all families, whatever their belief may be; and vests all decisionmaking authority to its owners, Jenny and Barry Sanders, who are not ordained in any kind of ministry. Plaintiffs asserts that the mission statement of Defendant includes only one reference to God.

Defendant has filed the Declaration of Jenny Sanders (Docket No. 8-1), in which she states that she and her husband felt called by God to build a Christian day school in Smyrna, Tennessee, to teach children about Jesus. Sanders also explains that Defendant offers preschool, K-5 elementary, and after-care learning programs to its students, all of which are integrated with biblical concepts and taught in a Christian environment. She points out that the Mission Statement of the school includes helping children grow in the knowledge that God made them unique and special.

Sanders also declares that Defendant carefully selects its staff and teachers based, in part, on their belief in and relationship with Jesus Christ. She states that all teachers employed by the school are Christian and are required to teach Bible on a daily basis. She asserts that Defendant uses a Christian-based curriculum called A Beka, which integrates God's words and Christian values into

every academic subject. Sanders states that children in the school receive Bible instruction every day through scripture, songs, books, devotionals and activities and must attend chapel every Friday during the school year. She also avers that Defendant offers Vacation Bible School to students in pre-K and kindergarten in the summer. Finally, Sanders asserts that the hallways and classrooms at Community Christian Day School are decorated with scriptures, crosses, and art-work that reflects the school's Christian environment.

The Court finds, after weighing the characteristics of Defendant, that Community Christian Day School does not qualify as a "religious organization" under the exemption to Title III of the ADA. Defendant is not owned, affiliated with, or financially supported by any recognized religious group. Neither has Defendant shown that it has been recognized by any authority as a religious institution. *See Woods v. Wills*, 400 F.Supp2d 1145, 1162 (E.D. Mo. 2005). Defendant is owned and run by two individuals who are not ministers. Defendant has not claimed or been given tax-exempt status under the Internal Revenue Tax Code or the property laws of its state or county.

In *White v. Denver Seminary*, 157 F.Supp.2d 1171 (D. Colo. 2001), the defendant was a religious seminary whose sole mission was to train students for Christian ministry. It was founded by the Conservative Baptist Association of Colorado. The Court found it to be a "religious organization" exempt under Title III of the ADA.

Similarly, in *Doe v. Abington Friends School*, 2005 WL 289929 (E.D. Pa. Feb. 4, 2005), the court found the Quaker-operated school was a religious organization entitled to exemption under Title III of the ADA. The defendant in that case was owned and controlled by the Abington Monthly Meeting of the Religious Society of Friends, which also owned and controlled the school grounds and building.

In *Marshall v. Sisters of the Holy Family of Nazareth*, 399 F.Supp.2d 597 (E.D. Pa. 2005), the defendant was a Catholic school which was operated and controlled by the Sisters of the Holy Family of Nazareth, a religious community composed of Roman Catholic nuns which were given the 501(c)(3) tax exemption. *Id*. at 606.

This case is not like *White*, *Doe* or *Marshall*. In this case, the Defendant is owned and controlled by a couple who felt called to start a Christian school. They are not ordained in any religion or denomination, and their school is not run by or affiliated with any religious group. The Court finds that, for purposes of the exemption to Title III of the ADA, Defendant does not qualify as a "religious organization."

CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Docket No. 8) is DENIED.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE